KONENKAMP, Justice
(concurring specially).
[¶ 38.] We have two questions before us: (1) did the officer have “sufficient cause” to believe that a cross-country trip with fifteen cats loose in an over-packed car was inhumane treatment of animals? and (2) were there exigent circumstances justifying impoundment of the cats without a warrant or court order? The only statute cited to justify the officer’s seizure and *284 the circuit court’s ratification of that seizure was SDCL 40-1-5, dealing with mistreatment or neglect of animals. Whether pedestrians, motorists, or the general public may have been endangered is not germane to these questions. The circuit court found that the “living conditions of the animals were neglectful,” and focused on “visibility” and “safety.” If safety was the basis for the decision, then only the safety of the cats was subject to inquiry.
[¶ 39.] On the question of inhumane treatment, the cats were travelling in a small car packed with belongings, leaving little room for movement. As noted by the officer, “there was a strong odor of ammonia emanating from the car.” Edwards and the cats had been living in the car for several days, and Edwards had no money. Before residing in the car together that week, the cats had been cared for in Huron at a humane society shelter. A humane society officer testified that Edwards was not providing the standard of care necessary for cats.
[¶ 40.] On the question of exigent circumstances, an objectively reasonable officer could deduce that with the cats obstructing the driver’s view of the road, in their cramped and squalid accommodations, the animals were subjected to mistreatment and neglect, and their immediate safety was in jeopardy. See SDCL 40-1-2.4; SDCL 40-1-5. The dissent is correct when it declares that the term exigent circumstances “must be read to refer to emergency situations where impoundment without a warrant or court order is necessary to protect the well-being of the animal.” Indeed, the owner was transient; her automobile was her temporary residence. She was passing through Pierre when she was reported at 11:15 at night. Therefore, exigent circumstances existed to immediately impound the animals for their safety. There being no error of law or clearly erroneous fact finding, the circuit court should be affirmed.
[¶ 41.] ZINTER, Justice, joins this special writing.